CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 2 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **COREY SMITH** ) | |
| ) | Case No. 7:14CV00168 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| **ELY, ET AL.,** ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant(s). ) | |
| ) | |

This matter is before the court on plaintiff's objections to the May 6, 2015 order of the magistrate judge, denying plaintiff's motion for appointment of counsel to assist him in his upcoming hearing before her. Plaintiff believes that appointment of counsel is warranted because the facts at issue are complex (based on the number of claims and defendants and his purported need to present expert medical testimony); plaintiff's incarceration complicates his ability to locate and interview potential witnesses, both inmates and prison staff, and to gather and utilize records; plaintiff's testimony is in direct conflict with the testimony of the defendant officers and medical staff; plaintiff has no legal training and defendants have counsel; and plaintiff's case has merit.

In the May 6 order to which plaintiff objects, the magistrate judge correctly noted that plaintiff has no statutory right to counsel in this civil action and that courts request counsel to represent indigent civil litigants only in exceptional circumstances. See 28 U.S.C. § 1915(e)(1); United States v. $27,000.00, 865 F. Supp 339, 340 (S.D.W.V. 1994) ("Whether to request such assistance for a civil litigant is a privilege which rests in the sound discretion of the district court."). Even where plaintiff has a colorable claim with some merit, obtaining counsel for

plaintiff is warranted only where the court, in its discretion, determines that the interests of justice so require, in light of the complexity of the factual and legal issues and plaintiff's capability to present his own case. Id. at 340-41.

After review of the record, the court agrees with the magistrate judge that the interests of justice do not require finding counsel for plaintiff. As the magistrate judge noted, the factual and legal issues are not complicated and plaintiff, "through his filings with the court to date, has demonstrated his ability to adequately represent his interests in this case." (ECF No. 62 ¶ 1.) In addition, plaintiff will not be presenting his case to a jury. Moreover, "[i]n civil cases where no loss of liberty is at stake, the Supreme Court has created a rebuttable "presumption against the right to appointed counsel." Lassiter v. Department of Social Services of Durham County, North Carolina, 452 U.S. 18, 31 (1981). As stated in the May 6 order, plaintiff simply has not stated facts overcoming that presumption here.

For the reasons stated, it is now

**ORDERED**

that plaintiff's objections to the May 6, 2015, order of the magistrate judge are **OVERRULED**, and the court fully **AFFIRMS** that order on the grounds stated by the magistrate judge.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 22d day of May, 2015.

Chief United States District Judge