# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **COREY SMITH,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:14cv00168 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **Lt. J. ELY, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

The pro se plaintiff, Corey Smith, an inmate currently incarcerated at Red Onion State Prison, ("Red Onion"), brings this civil rights action under 42 U.S.C. § 1983, against various former and current employees at Red Onion and Wallens Ridge State Prison, ("Wallens Ridge"), where he formerly was housed, based upon allegations that he was beaten by corrections officers while awaiting transport from Wallens Ridge to Red Onion and that he was denied appropriate medical care for injuries sustained as a result thereof. Defendant Mathena has filed a Rule 12(c) Motion For Judgment On The Pleadings, (Docket Item No. 93), ("Motion"), alleging that Smith has failed to properly state a claim against him. Smith has responded to the Motion, (Docket Item No. 115), and neither of the parties has requested a hearing, making the matter ripe for disposition. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report recommending that the Motion be denied.

## I. Facts[1]

For purposes of this Motion, a detailed account of the specific facts alleged by Smith is unnecessary. It is sufficient to recount that Smith alleges in his Complaint that he was physically assaulted, without provocation,[2] by three corrections officers while awaiting transport from Wallens Ridge to Red Onion on July 18, 2012. According to Smith, this assault included being punched in the face, having his face smashed into the side of the transportation van, being choked, being shocked multiple times with an electronic belt and being sprayed in the face with OC pepper spray. He alleges that this assault lasted approximately 45 minutes to one hour and occurred in the presence of two other corrections officers, who failed to intervene. Smith alleges that he never received any medical attention and was not decontaminated as required after being subjected to the use of OC pepper spray, before leaving Wallens Ridge. He further alleges that, upon arrival at Red Onion, a spit mask was placed over his head by officers before he disembarked the transport van so that his "busted face, lips, nose and swollen black eyes" could not be seen on the handheld video camera recording. Smith states that he was taken to the medical department, where he saw Nurse Glenda Meade, who he advised, on camera, that he could not see out of his eyes due to the OC pepper spray and that he had been beaten and shocked with the electronic belt. When he requested something for his back, Nurse Meade stated "You will live boy, welcome to Red Onion." Although she looked at his back wound, she refused to dress it or give him any medication. Smith alleges that Nurse Meade forged his medical files, stating

---

[1] The well-pleaded facts in Smith's Complaint are taken as true and are viewed in the light most favorable to Smith, the nonmoving party. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

[2] Smith alleges that he was assaulted for failing to go into his cell the previous day.

that he had no open areas or redness in order to help cover up for the corrections officers' actions.

Smith claims that on July 25, 2012, he stopped former Counselor Honeycutt during her rounds in his pod to report the assault. She observed his face, which remained partially swollen and bruised, and his eyes still black. Smith informed her that he was having "extreme back pain" from being shocked with the electronic belt and that he had a "third degree burnt laceration" that needed to be treated in order to avoid infection. Smith advised Honeycutt of Nurse Meade's refusal to treat him during his intake visit on July 18, 2012. According to Smith, Honeycutt immediately spoke with someone in the medical department, returning shortly thereafter and stating that "The nurse is going to treat you at evening pill pass." At evening pill pass, Smith reported to Nurse Trisha Cox that he had been physically assaulted at Wallens Ridge while awaiting transport to Red Onion and that Nurse Meade had stated "You will live boy, welcome to Red Onion." Nurse Cox admitted hearing about the assault, but would not get involved for fear of losing her job. She also refused to give Smith anything for his pain because "it was [Nurse] Meade's job to treat his injuries when he first arrived at Red Onion."

When Honeycutt returned on July 26, 2012, Smith told her about his encounter with Nurse Cox. At that point, Honeycutt said "I tried Mr. Smith but it's not much I can do or they may get rid of me." Smith claims that he saw Dr. Miller that same day for a required intake visit, at which Nurse Meade was present. He informed Dr. Miller of the physical assault by the corrections officers, including the use of the electronic belt, that he never received any medical treatment and that he needed something for pain. Smith advised Dr. Miller that Nurse Meade had

-3-

Case 7:14-cv-00168-GEC-PMS   Document 120   Filed 08/11/15   Page 3 of 12   Pageid#: 518

denied him medical treatment and that he had been using soap and water to clean the open wound on his back. Smith asked Dr. Miller if he could have something for the "third degree burnt laceration" on his back due to his fear of infection. However, when Dr. Miller asked to take a look at the wound, Nurse Meade "immediately interfered" with the visit, stating "he can sign up for sick call to address this issue." Smith protested to Dr. Miller that the current appointment was the appropriate time to report and address any medical issues he may be having, and Dr. Miller stated "that may get infected if it's not treated." However, Nurse Meade began "yelling" at Dr. Miller that "he … can sign up for sick call if he wants his back check[ed]." Smith informed Dr. Miller that Nurse Meade already had refused to render him any medical treatment on July 18, 2012, that he already had signed up for sick call, and on July 25, 2012, Counselor Honeycutt personally notified the medical department that he needed medical treatment, but Nurse Cox refused to treat his injuries, as well, stating that it was Nurse Meade's job to do so. Nonetheless, Dr. Miller informed Smith that, since he did not appear to be in any pain at that time, he could sign up for sick call, and he sent him back to his cell. Smith claims this was done so that the physical assault and resulting injuries would never be documented.

On August 7, 2012, when defendant Mathena, the former warden at Red Onion, was making rounds in Smith's housing pod, Smith informed him of the physical assault by the three corrections officers. Defendant Mathena stated "I know all about the incident and that [you were] shocked with the electric belt for kicking on the transportation van." Smith denied kicking on the van and stated that the corrections officers had no right to beat him while he was in full restraints, posing no direct threat to any of the defendants at any time and breaking no rules

-4-

while awaiting transfer. According to Smith, Mathena told him that the assault had been reported to Internal Affairs, there was no need for him to worry or file any paperwork and that he would let Smith know as soon as he heard from Internal Affairs regarding the outcome of the investigation. Smith asked Mathena if he could have the Institutional Investigator come to take pictures of his face and back, and he stated that he would like to receive medical care for the "third degree burnt laceration" on his back. When Smith showed his back injury to Mathena, he stated "I will make sure you receive something for that and the Investigator will be down here to take pictures of your injuries Mr. Smith but in the mean time just keep your mouth closed and behave yourself."

Thereafter, on December 13, 2013, Smith was visited by Internal Affairs Agent Rick White, who stated he had received a letter from another inmate on Smith's behalf concerning the July 18, 2012, incident, and that this was the first notice he had received of the assault. Smith stated that he wished to file a report concerning the incident. After informing Agent White of the details of the assault and the denial of medical treatment, Agent White stated that he would view all the camera evidence at Wallens Ridge and Red Onion and give Smith's report to his boss so he could commence an investigation. He also told Smith he would check his medical files and review the portable camcorder footage regarding Nurse Meade's alleged comment of "You will live boy, welcome to Red Onion." Although Agent White advised Smith he would be getting back in contact with him, he never did.

*II. Analysis*

Counsel for defendant Mathena has filed the Motion, arguing that because Mathena saw Smith at his cell on August 7, 2012, nearly three weeks after the alleged physical assault, he cannot be found liable for deliberate indifference because there was no ongoing substantial risk of harm to inmate health or safety at that time. The court does not disagree with this. However, defense counsel's argument focuses solely upon Smith's claim for deliberate indifference as it relates to the physical assault itself. It does not address Smith's claim against defendant Mathena for deliberate indifference to his serious medical needs resulting from the physical assault. While Smith's Complaint explicitly sets out a claim against Mathena for deliberate indifference to his safety in relation to the July 18, 2012, physical assault, I find that it also raises a claim against him for deliberate indifference based on the failure to treat his serious medical needs. Although the Complaint does not enumerate this claim in the "Claims for Relief" section, Smith states that he is seeking $25,000 in compensatory damages against Mathena for "deprivation of liberty and amenity and emotional injury resulting from the beating 'and denial of medical care'" in the "Relief" section. Further, in the "Injunctive Relief" section of Smith's Complaint, he states that he is seeking a transfer to Sussex I or Greensville Correctional Center to be free from subjection to the physical and torturous acts and *denial of medical care* "by all the defendants." Given Smith's status as a pro se inmate, I find that his Complaint, liberally construed, seeks to state a claim against defendant Mathena for deliberate indifference to his serious medical needs. *See Haines v. Kerner*, 404 U.S. 519 (1972) (a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers.").

A motion for judgment on the pleadings under Federal Rules of Civil Procedure Rule 12(c) is governed by the same standard as a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6). *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Thus, when considering a 12(c) motion for judgment on the pleadings, the nonmoving party must have alleged facts that "state a claim to relief that is plausible on its face," *i.e.* facts that have "nudged their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "*Iqbal* and *Twombly* do not require a plaintiff to prove his case in the complaint." *Robertson v. Sea Pines Real Estate Cos., Inc.*, 679 F.3d 278, 291 (4th Cir. 2012). Instead "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [nonmoving party] in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted); *see also Robertson*, 679 F.3d at 284; *E.I. duPont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). For the reasons that follow, I find that Smith has sufficiently alleged the elements of a viable Eighth Amendment claim against defendant Mathena for deliberate indifference to his serious medical needs.

To state a cognizable Eighth Amendment claim, Smith must allege deliberate indifference to a sufficiently serious deprivation of his Eighth

-7-
Case 7:14-cv-00168-GEC-PMS   Document 120   Filed 08/11/15   Page 7 of 12   Pageid#: 522

Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008); ("An inmate's Eighth Amendment claim involves a subjective component and an objective component. 'Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component).'") (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from the circumstantial evidence … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

I find that Smith has alleged a sufficiently serious deprivation or injury. The Motion does not challenge the seriousness of Smith's medical needs. A "'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko*, 535 F.3d at 241 (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)). Here, Smith has alleged a total lack of treatment for various injuries he suffered as the result of a physical assault by corrections officers, including a "busted face, lips, nose and swollen black eyes," as well as being sprayed with OC pepper spray resulting in an inability to see and being shocked multiple times with an electronic belt, which caused a "third degree burnt laceration" on his back. One week after the assault, on July 25, 2012, Smith informed Honeycutt he was still having "extreme back pain" and that his back injury required treatment to avoid infection. He also claims that his face remained

partially swollen and bruised, and his eyes remained black at that time. Specifically with regard to defendant Mathena, however, Smith's Complaint alleges that he informed Mathena on August 7, 2012, generally regarding the July 18, 2012, assault, but more specifically about the "third degree burnt laceration" to his back. I find that Smith's allegation of such an injury to his back meets his burden to allege an objectively sufficiently serious medical need and corresponding deprivation of a right to constitutionally adequate medical care. Any further determination as to whether Smith's medical needs are objectively sufficiently serious is an argument on the merits not properly considered or resolved on a Rule 12(c) motion for judgment on the pleadings.

I also find that Smith has adequately alleged "deliberate indifference" to his serious injury or medical needs to support a cause of action under § 1983, as contemplated by *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Such deliberate indifference may be manifested by prison officials in "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. For a prison official to exhibit deliberate indifference, the plaintiff must produce evidence that the defendant was aware of facts from which he could draw a reasonable inference that a substantial risk of serious harm existed, that he actually drew that inference and that he disregarded the risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 837, 847. Moreover, as stated above, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. I find that Smith's allegations support a reasonable inference of defendant Mathena's deliberate indifference to his serious medical needs.

Smith alleges that when he saw defendant Mathena on August 7, 2012, he not only informed him of the "third degree burnt laceration" to his back, but he actually showed it to him. Moreover, Mathena stated "I will make sure you receive something for that." However, Smith alleges that he never received any such medical treatment. I find that these allegations, taken as true, satisfy Smith's burden to allege facts giving rise to a reasonable inference that Mathena was aware of facts from which he could draw a reasonable inference that a substantial risk of serious harm existed, that he actually drew that inference and that he disregarded the risk by failing to take reasonable measures to abate it.

Mathena also argues that, because Smith has failed to state a claim against him, he is entitled to qualified immunity. Based on the above-stated reasons, I recommend the court deny the Motion on this ground also. I find that Smith's allegations with regard to Mathena's denial of medical treatment, if proven, would show a violation of clearly established constitutional rights of which a reasonable person would have known.

For all of the reasons stated herein, I find that Smith has sufficiently alleged the elements of a viable Eighth Amendment claim against defendant Mathena for deliberate indifference to his serious medical needs, and I will recommend that the court deny the defendant's Motion.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Smith has alleged the existence of an objectively sufficiently serious medical need or injury;
2. Smith has sufficiently alleged that defendant Mathena was aware of facts from which he could draw a reasonable inference that a substantial risk of serious harm existed, that he actually drew that inference and that he disregarded the risk by failing to take reasonable measures to abate it;
3. Smith has sufficiently alleged a claim for deliberate indifference to his serious medical needs against defendant Mathena; and
4. Smith has sufficiently alleged a violation of clearly established constitutional rights of which a reasonable person would have known.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: August 11, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE